IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM FISHER, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| | § | |
| LUFKIN INDUSTRIES, INC., | § | |
| | § | |
| Defendant | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, William Fisher, suing Defendant Lufkin Industries, Inc.  For his Complaint, Plaintiff would show:

I.

Introduction

1.     Plaintiff Fisher ("Fisher") pursues this action pursuant to 42 U.S.C. §§ 1981 ("§ 1981") and 2000e ("Title VII") against his former employer Lufkin Industries, Inc. ("Lufkin") for race discrimination in employment and retaliation for complaining about the discrimination.

2.     In May of 2009 Defendant Lufkin fired Plaintiff Fisher shortly after Fisher had reported that a much younger white supervisor had called him "boy" in a racially derogatory manner.

3.     Plaintiff seeks back pay, compensatory damages, equitable relief, punitive damages and costs of court including attorney's fees.

1

II.

Jurisdiction

4.     This Court has jurisdiction over Plaintiff Fisher's claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3).

III.

Parties

Plaintiff:

5.     Plaintiff William Fisher is a black African American citizen of this country and is a resident of the Eastern District of Texas.  He was an employee working for Defendant Lufkin in Lufkin, Texas until Lufkin fired him on or about May 18, 2009.

6.     Plaintiff Fisher is an employee as that term is defined by Title VII and is entitled to the protections of Title VII and § 1981 against race discrimination and retaliation in employment.

Defendant:

7.     Defendant  Lufkin Industries, Inc., is a business operating in the Eastern District of Texas.

8.     Defendant Lufkin is an employer as that term is defined by Title VII and is subject to Title VII's and § 1981's prohibitions against race discrimination and retaliation.

IV.

Procedural History

9.  Fisher filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 8, 2010.  On May 14, 2012 Fisher received his right-to-sue letter from the EEOC.   He has therefore satisfied all administrative prerequisites to suit.

V.

Statement of Facts

Background Facts:

10.    Plaintiff William Fisher is a black African-American.

11.    In March 2009 Fisher worked as a machinist in Lufkin's Power Transmission division.

12.    Fisher was a good, well-qualified and hard-working employee for Lufkin.

13.    Fisher was 55 years old.  His white supervisor, Steve Saxton, was about 31 years old.

14.    Mr. Saxton called Fisher "boy" in a racially derogatory manner.

15.    Fisher reported the slur to Mr. Saxton's supervisor and to Lufkin's Human Resources office.

16.    Lufkin did not discipline or correct Mr. Saxton.

17.    On or about May 18, 2009 Lufkin fired Fisher.

18.    Lufkin claims it fired Fisher for violating a work rule, engaging in "an activity other than assigned work … the unauthorized selling or soliciting the sale of articles."

3

19.    The Texas Workforce Commission has determined that Lufkin fired Fisher for "reasons other than misconduct connected with the work."

20.    Lufkin has misrepresented the relevant facts, including its reasons for terminating Fisher.  The real reason is discrimination and retaliation.

21.    Lufkin has been found liable for discriminating against a class of black African-American employees, including Mr. Fisher.

22.    In that class action, Lufkin was found by the Court to have disproportionately excluded black African-American employees from its Power Transmission division, where Fisher had been working when Lufkin fired him.

23.    As a result of Lufkin's wrongful conduct described above, Fisher has suffered emotional distress and lost considerable compensation and the value of fringe benefits, and will continue to for the foreseeable future.

24.    Defendant's wrongful conduct described above was willful, malicious and/or in reckless disregard of Fisher's rights.

VI.

Causes of Action

First Cause of Action:

25.    Plaintiff Fisher sues under Title VII for race discrimination in employment.

Second Cause of Action:

26.    Plaintiff Fisher sues under 42 U.S.C. § 1981 for race discrimination in employment.

Third Cause of Action:

27.    Plaintiff Fisher sues under Title VII for retaliation.

4

Fourth Cause of Action:

28.    Plaintiff Fisher sues under 42 U.S.C. § 1981 for retaliation.

VII.

Prayer for Relief

29.    WHEREFORE, Plaintiff prays that this Honorable Court:

(a)    Enter declaratory judgment against Defendant Lufkin and in favor of Plaintiff Fisher recognizing that Defendant Lufkin illegally discriminated against Plaintiff Fisher on account of his race in violation of Title VII and § 1981;

(b)    Enter judgment against Defendant Lufkin and in favor of Plaintiff Fisher for all compensatory damages to which Plaintiff Fisher is entitled;

(c)    Enter judgment against Defendant Lufkin and in favor of Plaintiff Fisher for all equitable relief to which Plaintiff Fisher is entitled including an award of lost pay and reinstatement;

(d)    Enter judgment and an Order requiring Defendant Lufkin to pay Plaintiff Fisher's reasonable costs, including attorney's  fees, as authorized by 42 U.S.C. § 1988 and Title VII;

(e)    Enter judgment for Plaintiff William Fisher and against Defendant Lufkin requiring it to pay Plaintiff Fisher an appropriate amount of punitive damages; and

(f)    Grant Plaintiff Fisher any and all additional relief to which he appears to be entitled.

Respectfully submitted,

/s/ TIMOTHY B. GARRIGAN

By:   _____
Timothy B. Garrigan (tim@sgclaw.org)
Bar Card No. 07703600
Attorney for Plaintiff

Stuckey, Garrigan & Castetter
2803 North Street
P.O. Box 631902
Nacogdoches, Texas  75963-1902
(936) 560-6020
FAX:  (936) 560-9578

6