# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM FISHER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:12-CV-00423-RWS |
| | § | |
| v. | § | |
| | § | |
| LUFKIN INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDTION

The above-entitled and numbered civil action was referred to United States Magistrate Judge Payne pursuant to 28 U.S.C. § 636. Before the Court is the Report and Recommendation entered by the Magistrate Judge on January 4, 2018 (Docket No. 120). Following an evidentiary hearing, the Magistrate Judge made findings of fact and recommended that Plaintiff be found entitled to lost wages at the rate of $54,694 per annum, plus 27 percent for fringe benefits, from May 18, 2009 through June 1, 2010, together with prejudgment interest at the prime rate, compounded annually through the date of judgment. *Id*. at 4. Both parties objected to different parts of the Report and Recommendation in written objections that the Court now carefully reviews, *de novo*, along with the entire record. Docket Nos. 122 and 123.

The principal objection raised by Plaintiff is that the Magistrate Judge improperly shifted the burden of proving damages to Plaintiff. Docket No. 123 at 2. Plaintiff contends, instead, that once he establishes discrimination he is entitled to back pay through trial unless Defendant proves entitlement to some lesser relief. *Id*. In this case, the result is the same. The Defendant has established by a preponderance of the evidence that Plaintiff is not

entitled to back pay after June 1, 2010.  As the Magistrate Judge noted, Plaintiff testified at the August 2017 hearing that his knee and back symptoms worsened after he was fired in May 2009.  Docket No. 101 (Tr. at 221).  In fact, Plaintiff testified that his knee and back problems did not start restricting his physical abilities until after Plaintiff "stopped working and stopped moving around and exercising." *Id*. at 216.  This is consistent with Plaintiff's sworn statement to the Social Security Administration that he became disabled from working on June 1, 2010.  Plaintiff's testimony that he is still receiving SSDI for his disabilities that began in 2010 is further evidence that his continued unemployment was not caused by his termination; rather it was caused by his worsening physical condition after his discharge.  Docket No. 102 (Tr. at 72, 76–77).

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff lied during the August 2013 evidentiary hearing.  Docket No. 123 at 7 n.23.  A review of the transcript of that hearing shows that Plaintiff testified he had no knowledge of selling any pornographic DVD's at work (the basis for the investigation that lead to his discharge). Docket No. 102 (Tr. at 37–38). When asked if he had written the title "XXX White Hot Nurses" on a DVD found in his locker, he testified that he couldn't tell if it was his handwriting. *Id*. at 43–44.  He testified similarly regarding a DVD with the handwritten title "Stroking to the Oldies." He testified that someone else must have put those in his locker. *Id*. at 62–63.  Shortly thereafter, Defendant called a forensic handwriting examiner who testified that the DVD labels were written by Plaintiff, based on known samples of his handwriting taken from his personnel files. *Id*. at 160–161.  Plaintiff's counsel then announced that Plaintiff "would no longer contest that Mr. Fisher wrote the labels on those DVD's." *Id*. at 165–166.  Plaintiff's admission – that he wrote the titles on the DVD's – demonstrated that his earlier testimony was false, and that his denial

of knowledge of the pornographic nature of the DVD's was false. Plaintiff's objection to this portion of the Report and Recommendation is meritless.

Plaintiff further objects that the Report and Recommendation is "inconsistent" with the Supreme Court's holding in *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999) and the Fifth Circuit's holding in *McClaren v. Morrison Management Specialists, Inc.*, 420 F.3d 457 (5th Cir. 2005). Docket No. 123 at 3–6. Neither of these cases relieves Plaintiff of the inconsistency between his sworn representation to the Social Security Administration that he became unable to work on June 1, 2010, and his testimony to this Court that he was able to do his job at Lufkin. *See* Docket No. 102 (Tr. at 71).[1] The only explanation proffered by Plaintiff is that "it was my understanding I was telling them that I could not find work that I could do." *Id.* at 72. The Court does not find Plaintiff's testimony, and the inconsistencies therein, credible, for the reasons stated by the Magistrate Judge. Plaintiff's explanation amounts to no more than the disavowal found insufficient in *McClaren*.

Defendant objects to the Magistrate Judge's recommendation to award back pay through June 1, 2010, instead of only through January 1, 2010. Docket No. 122 at 1. Defendant believes that because Plaintiff ultimately received some benefits retroactively, that Plaintiff's disability began earlier in 2010. *Id.* at n.1. Though Plaintiff may have received some retroactive benefits, there is nothing in the record before the Court to support a finding that Plaintiff's disability began on January 1, 2010. The calculation made by Defendant to suggest the January 1st date is based only on inference and is unsupported by credible evidence. *Id.* Defendant also objects to the alternative finding that Plaintiff would have

---

[1] Q: And you represented to the Social Security Administration, at least at the time you filled out this application, that you were not able to work. A: I was not able to find work. Q: That's not what it says here. It says you're not able to work. A: I was –well, I was told by my doctors and stuff that I was unable to do some jobs, but I knew I could. And I was unable to find work. Docket No. 102 (Tr. at 71).

worked through age 65 (had he not become disabled in 2010), but the testimony of Doug Holland does not support this objection.

Having conducted a *de novo* review of the objections and the record, the Court finds that neither party's objections are persuasive and that the Magistrate Judge reached the correct result under the evidence presented and the applicable law. Accordingly, the Report and Recommendation is hereby **ADOPTED** as the findings and conclusions of this Court. Judgment will be entered in favor of Plaintiff for lost wages at the rate of $54,694 per annum, plus 27 percent for fringe benefits, from May 18, 2009 through June 1, 2010, together with prejudgment interest at the prime rate, compounded annually through the date of Judgment.

The Motion for Attorney Fees is referred to the Magistrate Judge for further proceedings.

**SIGNED this 6th day of February, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE