# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM FISHER | § | |
| | § | |
| v. | § | Case No. 2:12-CV-423-RWS-RSP |
| | § | |
| LUFKIN INDUSTRIES, INC., | § | |

## **MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff's Amended and Opposed Motion for Attorney's Fees and Non-Taxable Expenses (Dkt. No. 112). Following a remand from the Fifth Circuit reversing an earlier Order dismissing the case, Judge Schroeder has now entered an Order awarding Plaintiff 54 weeks of back pay at the rate of $54,694 per annum, together with certain fringe benefits, interest, fees and costs. (Dkt. No. 125). The matter of fees and expenses has been referred to the undersigned.

*Background*

Plaintiff William Fisher, born in 1953, is a 64 year-old African American resident of Corrigan, Texas who was first employed by Defendant Lufkin Industries, Inc. in 1991. In 2009 he made a charge of racial harassment against a supervisor, which Lufkin determined was unfounded. He was then subjected to an investigation motivated in part by retaliation for the charge against his supervisor. As a result of this investigation he was terminated in May 2009.

Fisher filed a timely charge of discrimination with the EEOC in January 2010. After a right to sue notice issued, this suit was filed in August 2012. In August 2013 it was referred to the undersigned for trial as special master under the provisions of 42 U.S.C. §2000e-5(f)(5). That trial occurred on August 26-27, 2013, and a Report and Recommendation was filed on March 11, 2014. That recommendation was adopted by Judge Michael Schneider on March 27, 2014, and a

judgment dismissing the case was entered that day. (Dkt. No. 82). A motion for new trial was timely filed and was denied on March 17, 2015. A notice of appeal was filed on April 1, 2015, and a notice of cross-appeal by Defendant was filed on April 14, 2015. On April 17, 2017, the Fifth Circuit entered Judgment reversing the ruling of this Court and ordering further proceedings to determine appropriate relief. After a further evidentiary hearing on August 24, 2017, the undersigned issued a Report and Recommendation on January 4, 2018, which was adopted by Judge Schroeder on February 6, 2018.

*Attorney's Fees*

Plaintiff's motion shows 730.5 hours of time spent on the case by Timothy Carrigan, lead counsel, at a requested rate of $500 per hour, and 88.5 hours of time by Timothy Craig, associate counsel, at $350 per hour. After the exercise of billing judgment, Plaintiff requests compensation for 694 hours of Mr. Garrigan's time and 85 hours of Mr. Craig's time, for a total of $376,750 in fees and $12,854.50 in expenses.

Defendant opposes the request, contending that (1) Plaintiff's counsel spent more time than necessary litigating a fairly simple case, especially reviewing depositions and preparing briefs, (2) the hourly rates are about 10% too high given increases that exceed the rate of inflation, and (3) the limited success of the recovery should be reflected in a reduced fee. Defendant submits that these factors should lead to reductions of 25%, 10% and 25%, respectively, which would result in an award of $188,375 in fees. Defendant does not contest the $12,854.50 in expenses.

The determination of a fee award is a two-step process. *Jimenez v. Wood County, Tex.*, 621 F.3d 372, 379 (5th Cir. 2010), *on rehearing en banc*, 660 F.3d 841 (5th Cir. 2011). First, the court calculates the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id*. In calculating

the lodestar, "the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id*. at 379-80. Once the lodestar amount is calculated, the court may enhance or decrease it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974). *Id*. at 380. In *Johnson*, the Fifth Circuit laid out twelve factors to be considered in deciding whether the lodestar ought to be adjusted. *Id*. at 717-19.

One of the *Johnson* factors is "the amount involved and the result obtained." Here, Defendant argues that Plaintiff sought more than $1.75 million but obtained less than $100,000. The Supreme Court has stated that while even a nominal damages award renders a plaintiff the prevailing party and thus eligible for attorney fees,

> "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Garland*, supra, 489 U.S., at 793, 109 S.Ct., at 1494. Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Hensley*, supra, 461 U.S., at 436, 103 S.Ct., at 1941.

*Farrar v. Hobby*, 506 U.S. 103, 114, 112 S.Ct. 566, 574 (1992). The Court went on to make very clear the critical nature of the recovery:

> "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Riverside v. Rivera*, 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (1986) (Powell, J., concurring in judgment).
> ...
> Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, see *Hensley*, 461 U.S., at 430, n. 3, 103 S.Ct., at 1937-1938, n. 3, or multiplying "the number of hours reasonably expended ... by a reasonable hourly rate," id., at 433, 103 S.Ct., at 1939.

*Id*., at 115, 112 S.Ct., at 575.[1] In this case, the recovery was only a small fraction of the amount sought, and about a quarter of the fee request. On the other hand, the Court is mindful of the fact that the Court found for the plaintiff on liability, as well as of the persuasive argument that Congress provided for the award of attorney's fees to successful plaintiffs in these cases in order to encourage the vindication of important rights even in cases where the recovery expected might not otherwise attract counsel. The Court also finds that the hours expended by counsel were not significantly influenced, up or down, by the amount of the recovery sought or obtained. A finding of retaliation and an award of more than a year of back pay is far from a nominal recovery. Under all the circumstances of this case, the Court does not find it appropriate to reduce the lodestar due to the result obtained.

The Court also does not find persuasive the argument that the hourly rate sought is unreasonable. The Court is well familiar with Mr. Carrigan and finds that his performance in this case is worthy of the $500 hourly rate requested, and in line with the rates awarded in such litigation in the past. See *Morrow v. City of Tenaha*, C.A. 2:08-0288 (Nov. 15, 2017) (Gilstrap, J.). The Court is not as familiar with Mr. Craig, but finds his work in this case worthy of the $350 hourly rate requested.

The Fifth Circuit, like other courts, expects counsel to exercise billing judgment to reduce the request to write off the hours that are "unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc*., 448 F.3d 795, 800 (5th Cir. 2006). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id*. Here, Plaintiff has

---

[1] See also *Combs v. City of Huntington, Texas*, 829 F.3d 388, 396-97 (5th Cir. 2016) (Stewart, C.J.) (while the results obtained are a key factor, there is no strict proportionality requirement).

already reduced his request by 5% as an exercise of billing judgment. After reviewing the timesheet attached as Exhibit 3 to the motion, the Court finds that certain entries, like the block billing of time spent in briefing and researching, make it difficult to evaluate what appear to be large blocks of time considering the issues involved. The Court is also concerned that travel time was billed the same as legal services. On the other hand, the representation provided was uniformly superior. All in all, the Court finds that a 10% reduction for billing judgment is appropriate in this case. Accordingly, the lodestar is adjusted to $328,750 for Mr. Carrigan and $28,000 for Mr. Craig, together with the $12,854.50 in expenses. No further adjustments to the lodestar are appropriate.

The parties are directed to meet and confer and submit a proposed final judgment within 15 days. If the parties are unable to agree in full, they shall still submit a single document showing which parts are agreed and submitting the version proposed by each for the disputed portions. Neither party waives their objections to any of the rulings by agreeing on what the Court has ruled.

**SIGNED this 20th day of February, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE